IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KEVIN MICHAEL DRAYTON, JR.,

    Petitioner,

v.                                                 Civil Action No. **3:18CV303**

HAROLD CLARKE,

    Respondent.

### REPORT AND RECOMMENDATION

Kevin Michael Drayton, Jr., a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent has moved to dismiss the action (ECF No. 11). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Drayton's claims are barred by the relevant statute of limitations or fail to provide a viable basis for federal habeas corpus relief.

### A.    Pertinent State Procedural History

Drayton was convicted in the Circuit Court of Hanover County ("Circuit Court") of: first degree murder; aggravated malicious wounding; use of a firearm to commit murder; conspiracy to commit robbery; and, use of a firearm to commit aggravate malicious wounding. (ECF No. 13–1, at 1.)[1] The Circuit Court sentenced Drayton to active sentence of twenty-seven years of imprisonment. (*Id.* at 2–3.) Drayton appealed. On November 6, 2014, the Supreme Court of Virginia refused Drayton's petition for appeal. (ECF No. 13–3, at 1.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

On November 5, 2015, Drayton filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 13–5, at 2.) On August 22, 2017, the Circuit Court dismissed the petition. (*Id.* at 9–10.)

Drayton, by counsel, filed a notice of appeal on September 25, 2017. (ECF No. 13–6, at 3.) On November 14, 2017, Drayton, by counsel, moved the Supreme Court of Virginia for an extension of time to file his notice of appeal. (ECF No. 13–6, at 1.) Counsel explained the late filing of the notice of appeal was attributable to a malfunctioning FedEx dropbox. (*Id.* at 3.) On November 27, 2017, the Supreme Court of Virginia denied the motion for an extension of time. (*Id.* at 1.) On January 31, 2018, the Supreme Court of Virginia dismissed Drayton's appeal, finding that he had failed to file his notice of appeal in a timely manner. (ECF No. 13–7, at 1.)

## B. Filing of the § 2254 Petition

On April 28, 2018, Drayton executed his § 2254 Petition and presumably placed it in the prison mail system.[2] (§ 2254 Pet. 28.)[3] In his § 2254 Petition, Drayton contends that he is entitled to relief upon the following grounds:[4]

Ground 1      "Counsel failed to object on evidentiary grounds to the continued use of inadmissible co-defendant statements against Petitioner Drayton." (*Id.* at 3.)
         A.    "Admission of inculpatory co-defendant statements against Mr. Drayton violated both his Sixth Amendment right of confrontation and the evidentiary ruling of the trial court." (*Id.*)
         B.    "Trial counsel repeatedly failed to object to the Commonwealth's impermissible use of Mr. Drayton's co-defendant's statements." (*Id.*)
         C.    "Counsel additionally failed to object to the trial court's use of the co-defendant's statement against Mr. Drayton." (*Id.*)

---

[2] The Court presumes the § 2254 action is filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization and punctuation in the quotations from Drayton's submissions. The Court omits the emphasis in the quotations from Drayton's submissions.

[4] The Court notes that the numbering system employed by Drayton to designate his claims was duplicative and confusing. Accordingly, the Court has listed the claims largely in the order in which they appear in the § 2254 Petition but eliminated the duplicative or confusing numbering.

2

    D. "Counsel contributed to the impermissible use of co-defendant's statements against Mr. Drayton by entirely incorporating the arguments of co-counsel into his own." (*Id.* at 3–4.)
    E. "In failing to make these objections, trial counsel's performance was deficient." (*Id.* at 4.)

Ground 2 "Counsel was further ineffective for conceding that Mr. Drayton's co-defendant did not act in self-defense when he shot Mr. Wells." (*Id.*)

Ground 3 Drayton failed to receive the effective assistance of habeas counsel, as habeas counsel failed to file a timely notice of appeal. (*Id.*)

Ground 4 The evidence was insufficient to support Drayton's convictions. (*Id.* at 4–5.)

## C. Ground 3 Fails to Provide a Viable Basis for Federal Habeas Relief

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bel-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). As Ground 3 merely raises an error in Drayton's post-conviction proceedings, it is RECOMMENDED that Ground Three be DISMISSED.

3

### D. Grounds 1, 2, and 4 Are Barred by the Relevant Statute of Limitations

#### 1. Statute of Limitations

Respondent contends that the federal statute of limitations bars Drayton's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

#### 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Drayton's Judgment became final on Wednesday, February 4, 2015, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running

when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). The statute of limitations ran for 273 days until Drayton filed his petition for a writ of habeas corpus with the Circuit Court on November 5, 2015. *See* 28 U.S.C. § 2244(d)(2).

### 3. Statutory Tolling

The limitation period remained tolled from November 5, 2015, when Drayton filed his state petition for a writ of habeas corpus, until August 22, 2017, when the Circuit Court denied the petition. The limitation period began to run on August 23, 2017 and ran for 248 days before Drayton filed his § 2254 Petition.[5] Because the limitation period ran for 521 days, the statute of limitations bars the § 2254 Petition unless Drayton demonstrates entitlement to a belated commencement of the limitation period or some equitable basis for avoiding the statute of limitations. Drayton fails to demonstrate entitlement to a belated commencement of the limitation period, but he insists that the Court should equitably toll the limitation period. As explained below, Drayton fails to demonstrate that the limitation should be equitably tolled.

### 4. Equitable Tolling

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and

---

[5] Because Drayton failed to timely file his notice of appeal from the Circuit Court's dismissal of his habeas, his collateral appeal was not properly filed under 28 U.S.C. § 2244(d)(2). Thus, he "lacks entitlement to statutory tolling for the period in which he pursued his untimely appeal." *Ostrander v. Dir., Virginia Dep't of Corr.*, No. 3:13CV634, 2014 WL 2170067, at *3 (E.D. Va. May 23, 2014) (citing *Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012); *Hines v. Johnson*, No. 2:08cvl02, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009); *Christian v. Baskerville*, 232 F.Supp.2d 605, 607 (E.D. Va. 2001)).

5

(2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Drayton contends that the limitation period should be tolled in light of the fact that a malfunctioning FedEx dropbox caused the notice of appeal from the state habeas petition to be untimely. (ECF No. 20, at 5.) While the malfunctioning dropbox may constitute an extraordinary circumstance, Drayton's lack of diligence in pursuing federal remedies was the proximate cause of the untimeliness of the § 2254 Petition. Once Drayton knew that serious questions existed about the timeliness of his state collateral appeal, he could have filed a protective petition in federal court to avoid running afoul of the federal statute of limitations. *See Piggott v. Kelly*, No. 3:11CV432, 2012 WL 3579613, at *4 n.9 (E.D. Va. Aug. 17, 2012) (citations omitted); *Ocon-Parada v. Young*, No. 3:09CV87, 2010 WL 2928590, at *3 n.10 (E.D. Va. July 23, 2010) (citing *Pace*, 544 U.S. at 416); *cf. Madden v. Thaler*, 521 F. App'x. 316, 321 (5th Cir. 2013) (finding that the petitioner was not entitled to belated commencement under § 2244(d)(1)(B) because an appellate court's delay in issuing a mandate "did not prevent him from filing a timely protective federal petition and seeking a stay of the one-year limitations period" (citing *Gonzalez v. Thaler*, 565 U.S. 134, 153–54 (2012); *Pace*, 544 U.S. at 416–17; *Rhines v. Weber*, 544 U.S. 269, 278 (2005))). Thus, Drayton fails to demonstrate that he is entitled to equitable tolling.

Because the statute of limitation bars Grounds 1, 2, and 4, it is RECOMMENDED that these grounds be DISMISSED.

E.  **Conclusion**

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 11) be GRANTED, the action be DISMISSED, and a certificate of appealability be DENIED.

Drayton is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Drayton and counsel for Respondent.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: October 3, 2018
Richmond, Virginia