IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**KEVIN MICHAEL DRAYTON, JR.,**

Petitioner,

v.  Civil Action No. **3:18CV303**

**HAROLD CLARKE,**

Respondent.

## MEMORANDUM OPINION

Kevin Michael Drayton, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1).

### I. History of the Federal Proceedings

On October 3, 2018, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the Court deny the § 2254 Petition as barred by the relevant statute of limitations. Because it appeared that Drayton failed to file timely objections, by Memorandum Opinion and Order entered on November 1, 2018, the Court accepted the Report and Recommendation and dismissed the action. (ECF Nos. 22, 23.)

However, on November 7, 2018, the Clerk's Office for the Richmond Division of the United States District Court for the Eastern District of Virginia received Drayton's Response to Magistrate Report and Recommendation ("Objections," ECF No. 24). Drayton mailed his Objections to the Alexandria Division of this Court and it was received there on October 23, 2018. (ECF No. 24–1.) The Alexandria Division forwarded the Objections to this Division, but did not do so until November 7, 2018.

Drayton indicates that he mailed these Objections to the Court on October 16, 2018. (Obj. 2.) The Court deems the Objections filed as of this date. *See Houston v. Lack*, 487 U.S.

266, 276 (1988). Because the Objections were filed in a timely manner, the Court will VACATE the November 1, 2018 Memorandum Opinion and Order (ECF Nos. 22, 23) and consider the Objections. *See* Fed. R. Civ. P. 59(e). Nevertheless, for the reasons set forth below, the Report and Recommendation (ECF No. 21) will be ACCEPTED and ADOPTED and the action will be DISMISSED.

## II. The Report and Recommendation

The Magistrate Judge made the following finding and recommendations:

### A. Pertinent State Procedural History

>   Drayton was convicted in the Circuit Court of Hanover County ("Circuit Court") of: first degree murder; aggravated malicious wounding; use of a firearm to commit murder; conspiracy to commit robbery; and, use of a firearm to commit aggravate malicious wounding. (ECF No. 13–1, at 1.)[1] The Circuit Court sentenced Drayton to active sentence of twenty-seven years of imprisonment. (*Id.* at 2–3.) Drayton appealed. On November 6, 2014, the Supreme Court of Virginia refused Drayton's petition for appeal. (ECF No. 13–3, at 1.)
>   On November 5, 2015, Drayton filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 13–5, at 2.) On August 22, 2017, the Circuit Court dismissed the petition. (*Id.* at 9–10.)
>   Drayton, by counsel, filed a notice of appeal on September 25, 2017. (ECF No. 13–6, at 3.) On November 14, 2017, Drayton, by counsel, moved the Supreme Court of Virginia for an extension of time to file his notice of appeal. (ECF No. 13–6, at 1.) Counsel explained the late filing of the notice of appeal was attributable to a malfunctioning FedEx dropbox. (*Id.* at 3.) On November 27, 2017, the Supreme Court of Virginia denied the motion for an extension of time. (*Id.* at 1.) On January 31, 2018, the Supreme Court of Virginia dismissed Drayton's appeal, finding that he had failed to file his notice of appeal in a timely manner. (ECF No. 13–7, at 1.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

## B. Filing of the § 2254 Petition

On April 28, 2018, Drayton executed his § 2254 Petition and presumably placed it in the prison mail system.[2] (§ 2254 Pet. 28.)[3] In his § 2254 Petition, Drayton contends that he is entitled to relief upon the following grounds:[4]

Ground 1     "Counsel failed to object on evidentiary grounds to the continued use of inadmissible co-defendant statements against Petitioner Drayton." (*Id.* at 3.)
        A.     "Admission of inculpatory co-defendant statements against Mr. Drayton violated both his Sixth Amendment right of confrontation and the evidentiary ruling of the trial court." (*Id.*)
        B.     "Trial counsel repeatedly failed to object to the Commonwealth's impermissible use of Mr. Drayton's co-defendant's statements." (*Id.*)
        C.     "Counsel additionally failed to object to the trial court's use of the co-defendant's statement against Mr. Drayton." (*Id.*)
        D.     "Counsel contributed to the impermissible use of co-defendant's statements against Mr. Drayton by entirely incorporating the arguments of co-counsel into his own." (*Id.* at 3–4.)
        E.     "In failing to make these objections, trial counsel's performance was deficient." (*Id.* at 4.)

Ground 2     "Counsel was further ineffective for conceding that Mr. Drayton's co-defendant did not act in self-defense when he shot Mr. Wells." (*Id.*)

Ground 3     Drayton failed to receive the effective assistance of habeas counsel, as habeas counsel failed to file a timely notice of appeal. (*Id.*)

Ground 4     The evidence was insufficient to support Drayton's convictions. (*Id.* at 4–5.)

---

[2] The Court presumes the § 2254 action is filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization and punctuation in the quotations from Drayton's submissions. The Court omits the emphasis in the quotations from Drayton's submissions.

[4] The Court notes that the numbering system employed by Drayton to designate his claims was duplicative and confusing. Accordingly, the Court has listed the claims largely in the order in which they appear in the § 2254 Petition but eliminated the duplicative or confusing numbering.

### C. Ground 3 Fails to Provide a Viable Basis for Federal Habeas Relief

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bel-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). As Ground 3 merely raises an error in Drayton's post-conviction proceedings, it is RECOMMENDED that Ground Three be DISMISSED.

### D. Grounds 1, 2, and 4 Are Barred by the Relevant Statute of Limitations

#### 1. Statute of Limitations

Respondent contends that the federal statute of limitations bars Drayton's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Drayton's Judgment became final on Wednesday, February 4, 2015, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). The statute of limitations ran for 273 days until Drayton filed his petition for a writ of habeas corpus with the Circuit Court on November 5, 2015. *See* 28 U.S.C. § 2244(d)(2).

### 3. Statutory Tolling

The limitation period remained tolled from November 5, 2015, when Drayton filed his state petition for a writ of habeas corpus, until August 22, 2017, when the Circuit Court denied the petition. The limitation period began to run on August 23, 2017 and ran for 248 days before Drayton filed his § 2254 Petition.[5] Because the limitation period ran for 521 days, the statute of limitations bars the § 2254 Petition unless Drayton demonstrates entitlement to a belated commencement of the limitation period or some equitable basis for avoiding the statute of limitations. Drayton fails to demonstrate entitlement to a belated commencement of the limitation period, but he insists that the Court should equitably toll the limitation period. As explained below, Drayton fails to demonstrate that the limitation should be equitably tolled.

---

[5] Because Drayton failed to timely file his notice of appeal from the Circuit Court's dismissal of his habeas, his collateral appeal was not properly filed under 28 U.S.C. § 2244(d)(2). Thus, he "lacks entitlement to statutory tolling for the period in which he pursued his untimely appeal." *Ostrander v. Dir., Virginia Dep't of Corr.*, No. 3:13CV634, 2014 WL 2170067, at *3 (E.D. Va. May 23, 2014) (citing *Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009); *Christian v. Baskerville*, 232 F.Supp.2d 605, 607 (E.D. Va. 2001)).

### 4. Equitable Tolling

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Drayton contends that the limitation period should be tolled in light of the fact that a malfunctioning FedEx dropbox caused the notice of appeal from the state habeas petition to be untimely. (ECF No. 20, at 5.) While the malfunctioning dropbox may constitute an extraordinary circumstance, Drayton's lack of diligence in pursuing federal remedies was the proximate cause of the untimeliness of the § 2254 Petition. Once Drayton knew that serious questions existed about the timeliness of his state collateral appeal, he could have filed a protective petition in federal court to avoid running afoul of the federal statute of limitations. *See Piggott v. Kelly*, No. 3:11CV432, 2012 WL 3579613, at *4 n.9 (E.D. Va. Aug. 17, 2012) (citations omitted); *Ocon-Parada v. Young*, No. 3:09CV87, 2010 WL 2928590, at *3 n.10 (E.D. Va. July 23, 2010) (citing *Pace*, 544 U.S. at 416); *cf. Madden v. Thaler*, 521 F. App'x. 316, 321 (5th Cir. 2013) (finding that the petitioner was not entitled to belated commencement under § 2244(d)(1)(B) because an appellate court's delay in issuing a mandate "did not prevent him from filing a timely protective federal petition and seeking a stay of the one-year limitations period" (citing *Gonzalez v. Thaler*, 565 U.S. 134, 153–54 (2012); *Pace*, 544 U.S. at 416–17; *Rhines v. Weber*, 544 U.S. 269, 278 (2005))). Thus, Drayton fails to demonstrate that he is entitled to equitable tolling.

Because the statute of limitation bars Grounds 1, 2, and 4, it is RECOMMENDED that these grounds be DISMISSED.

### E. Conclusion

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 11) be GRANTED, the action be DISMISSED, and a certificate of appealability be DENIED.

(Report and Recommendation 1–7 (alteration in original).)

### III. STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination

remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### IV. Drayton's Objections

The totality of Drayton's Objections is as follows:

A. Accepted as true.
B. Accept as true.
C. Denied.
D.(1)–(4) Denied.
E. Conclusion
    For the reason previously stated in [the] federal habeas corpus and Petitioner's Traverse the respondent's Motion to Dismiss should be DENIED and the federal habeas corpus should be Granted relief.

(Obj. 1.) Drayton has made the sort of "general and conclusory objections" that fail to warrant *de novo* review. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Nevertheless, the Court has conduct a *de novo* review of the record, the Report and Recommendation, and Drayton's Objections. The Magistrate Judge correctly determined that Drayton's Grounds for relief are barred by the statute of limitations or, in the case of Ground 3, fail to state a viable basis for federal habeas relief. Accordingly, Drayton's Objections (ECF No. 24) will be OVERRULED. The Report and Recommendation (ECF No. 21) will be

7

ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 11) will be GRANTED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 1/15/2019
Richmond, Virginia